# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

vs

ROBERT WILLIAMSON

Case Number. 8:13-cr-229-T-30MAP
USM Number: 58539-018

Serbo C. Simeoni, CJA

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) | Conspiracy to Distribute and to Possess with Intent to Distribute 500 Grams or More of Cocaine | April 12, 2013 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

October 17, 2013

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

October _24_, 2013

ROBERT WILLIAMSON
8:13-cr-229-T-30MAP

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THIRTY-SEVEN (37) MONTHS as to Count One of the Indictment.

The defendant shall voluntarily surrender to the designated institution as notified by the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

ROBERT WILLIAMSON
8:13-cr-229-T-30MAP

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FOUR (4) YEARS as to Count One of the Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

ROBERT WILLIAMSON
8:13-cr-229-T-30MAP

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | Waived | N/A |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Preliminary Order of Forfeiture, that are subject to forfeiture.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:13-cr-229-T-30MAP

ROBERT WILLIAMSON

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the Court upon the United States' Motion for a Preliminary Order of Forfeiture (Doc. 58) for the following assets:

a. $5,306.00 United States currency, recovered by the Federal Bureau of Investigation and the Hillsborough County Sheriff's Office on April 11, 2013;

b. A 1999 GMC "dually" style pickup truck, bearing Florida license plate number ARIU09 and Vehicle Identification Number 1GTHK33J2XF094232; and

c. The real property located at 7748 Brettonwood Drive, Tampa, Florida, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:

LOT 23, BLOCK 1, CYPRESS TREE, AS PER PLAT THEREOF, RECORDED IN PLAT BOOK 48, PAGE 19, OF THE PUBLICA RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.

Parcel ID: U-23-28-17-07V-000001-00023.0.

Being fully advised of the relevant facts, the Court hereby finds that the assets represent proceeds derived from, or property that facilitated, the conspiracy charged in Count One to which the defendant pled guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion (Doc. 58) is GRANTED.

It is FURTHER ORDERED that, pursuant to 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the assets identified above are hereby forfeited to the United States for disposition according to law.

It is FURTHER ORDERED that, upon entry of this order, it shall become a final order of forfeiture as to the defendant.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

**DONE** and **ORDERED** in Tampa, Florida on August 19, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel/Parties of Record

F:\Docs\2013\13-cr-229 foreit 58 Williamson.wpd

2